■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREA FF., Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered June 29, 1990, convicting defendant upon her plea of guilty of the crime of criminally negligent homicide.

Defendant appeals her judgment of conviction of criminally negligent homicide stemming from a tragic series of events which culminated in the death of her newborn infant in September 1989. Defendant was an unmarried 17-year-old high school senior residing with her parents at the time. Defendant's pregnancy apparently went unnoticed by her parents and teachers and, during the early morning hours of September 7, 1989, defendant gave birth in her backyard to a female infant calculated to be at about full term. Defendant then placed a towel over the infant and, after the baby stopped "making any more noises", placed her in a plastic bag and left her in the grass behind a local school. After the deceased infant was discovered on October 4, 1989, defendant was extensively questioned by the local authorities. Defendant gave the police two similar statements of the incident, both admitting to wrapping the newborn in a towel and leaving it in a plastic bag behind the school. Defendant also stated that, for quite some time she suspected being pregnant "but I was not sure". In both her statements, defendant admitted her ignorance as to what to do when the baby started to deliver and of panic and confusion immediately following the birth.

On October 5, 1989, a felony complaint was filed charging defendant with criminally negligent homicide. On March 21, 1990 defendant waived indictment, consented to the filing of the information, and pleaded guilty to criminally negligent homicide. Defendant was then denied youthful offender status and sentenced to an indeterminate prison term of 1⅓ to 4 years. This appeal followed.

The gravamen of defendant's appeal is directed toward several alleged errors revolving around her sentencing by County Court. Because we agree with defendant that her circumstances made it appropriate for her to be afforded youthful offender status, we turn directly to that issue. The CPL permits a finding of youthful offender status if "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record" (CPL 720.20 [1] [a]). "While the statute does not set forth any specific criteria to be considered upon an application for youthful offender status * * * the factors to be considered include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future

constructive life" *(People v Cruickshank,* 105 AD2d 325, 334, *affd* 67 NY2d 625 [citations omitted]). Here, although criminally negligent homicide is a serious crime, the record indicates that this incident is defendant's first appearance before the criminal justice system and she has exhibited no previous violent or antisocial conduct *(see, supra).* The record also reveals that defendant cooperated fully upon being questioned by the police *(see, People v Smith,* 134 AD2d 938). According to the record, defendant was a good student who was "well liked and well thought of by school staff". The tragic incident which now brings defendant before the courts is apparently the result of behavior out of character for defendant and the evidence points strongly to a future constructive life.

Significantly, we note that the probation officer, in her presentence report, recommended that defendant receive youthful offender status. Given the record as a whole, an evaluation of those factors as outlined in *People v Cruickshank (supra)* leads to the conclusion that defendant should be afforded youthful offender status. Accordingly, we exercise our discretion by vacating the conviction and adjudicating defendant a youthful offender. We are not, however, of the view that any form of incarceration is per se inappropriate under these circumstances. We also take note of the remarks of the probation officer, contained in the presentence report, that "[i]t can only be surmised, with lack of a formal mental health evaluation, that this young woman is in need of psychiatric treatment in confronting the reality and totality of the effects of her crime" and that defendant "be provided with the psychiatric services she appears to require". We would therefore recommend that such considerations weigh in the balance of County Court's determination upon resentencing.

Finally, we are unpersuaded that this matter should be directed to a different Judge upon remittal.

Casey, Weiss, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice; conviction vacated, and defendant declared to be a youthful offender; and matter remitted to the County Court of Montgomery County for resentencing in accordance with this court's decision.