■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREA FF., Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered September 26, 1991, which resentenced defendant following her adjudication as a youthful offender.

In 1989 defendant, then 17 years old, was charged with causing the death of her newborn infant and ultimately pleaded guilty to criminally negligent homicide. County Court denied youthful offender status and sentenced her to an indeterminate 1⅓ to 4-year prison sentence. Upon appeal, this court granted youthful offender status and remitted the matter for resentencing (174 AD2d 865). Concerned that defendant may be in need of psychiatric treatment in light of a reading of the presentence report, we also recommended at that time that she be provided with appropriate care and directed that such considerations "weigh in the balance of County Court's determination upon resentencing" (supra, at 867).

In response, evaluative psychiatric reports were prepared

and submitted to County Court upon resentencing. Significantly, both defendant's and the prosecution's psychiatrists felt that she was in need of continued psychiatric counseling to help her cope with a myriad of longstanding, deep-rooted problems that ultimately led to the commission of this crime. Because effective treatment of her problems necessitated treatment in defendant's present environment with family participation, defendant's psychiatrist, who at the time had been treating her for almost a year, two psychologists and the probation officer who prepared the presentence report concurred that a probationary period, not imprisonment, was the most optimum course of action. Indeed, defendant's psychiatrist felt that a return to incarceration would be detrimental, perhaps fatal, to her recovery.

Conceding that defendant was in need of psychiatric care, County Court apparently interpreted our directive to consider defendant's mental state in resentencing narrowly as requiring *only* that defendant's need for psychiatric counseling *in assisting her to cope with her crime* be weighed into the resentencing determination. Concluding that she did not need psychiatric counseling for this particular purpose and that she must undergo punishment for the crime committed, the court adhered to its original indeterminate 1⅓ to 4-year prison sentence. Defendant appeals.

Upon review of the psychiatric and psychological reports submitted and the presentence report, and taking into account the nature of the crime and the circumstances of its commission, we are persuaded that a period of probation with continued psychiatric counseling will be more helpful in rehabilitating this troubled young woman than will a return to incarceration (*cf., People v Damato*, 120 AD2d 780; *People v Cruickshank*, 105 AD2d 325, 335-336, *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625). Because, as indicated in the presentence report, the much needed psychiatric care is not available to defendant in prison and it is conceded that she poses absolutely no threat to society, the only penal objectives to be served by imprisonment are retribution and deterrence (*cf., People v Golden*, 41 AD2d 242, 244). Here, the six months of prison time defendant has already served and the mental anguish visited upon her as a result of this tragic episode have had a markedly sobering effect. And, as society stands to gain so much from defendant, who is young, bright and has much to offer if her therapy is continued, and is in danger of losing so much if she is incarcerated, it is our view that a less

restrictive deterrent than return to incarceration is indicated *(see, People v Whiting,* 89 AD2d 694; *see also, People v Jensen,* 111 AD2d 986). Accordingly, in the exercise of our discretion and in the interest of justice we modify the judgment by reducing the sentence to time served in jail and a five-year period of probation (Penal Law § 60.01 [2] [d]; § 65.00 [3] [a] [i]), with a remittal to County Court to fix the terms and conditions thereof.

We remain unpersuaded that this matter should be directed to a different Judge upon remittal *(see, People v Andrea FF.,* 174 AD2d 865, *supra).* Weiss, P. J. and Levine, J., concur.

Mercure, J. (dissenting). We would affirm County Court's judgment and accordingly dissent. Admittedly, the circumstances of this case are tragic and reasonable minds could well disagree as to the appropriate sentence. However, "this court will not normally disturb a sentence imposed by a trial court in the exercise of its sound discretion unless there is an abuse of discretion" *(People v Board,* 97 AD2d 610; *see, People v Simon,* 180 AD2d 866; *People v Hinkley,* 178 AD2d 800, *lv denied* 79 NY2d 948; *People v Owens,* 172 AD2d 883, *lv denied* 78 NY2d 957). Here, "[County Court] was directly involved with all phases of this prosecution, thoroughly familiar with all the facts and circumstances * * * [and] delineated all the reasons for sentencing as it did" *(People v Cruickshank,* 105 AD2d 325, 337 [Kane, J., dissenting], *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625). In these circumstances, we are unable to find that County Court's discretion was abused. Further, we perceive no justification for exercising our jurisdiction to modify the sentence in the interest of justice *(see,* CPL 470.15 [6] [b]; *People v Whiting,* 89 AD2d 694).

Casey, J., concurs. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to time served and a five-year period of probation; matter remitted to the County Court of Montgomery County for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.