■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE S., Appellant. [773 NYS2d 315]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered January 29, 2002. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by adjudicating defendant a youthful offender and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]). We reject the contention that defendant was deprived of effective assistance by defense counsel's failure to move to withdraw the guilty plea or to object to the enhanced sentence (*see People v Moore,* 155 AD2d 696 [1989]). Although defendant failed to preserve the issue of the enhanced sentence for our review (*see People v Sundown,* 305 AD2d 1075, 1076 [2003]) and does not argue the merits as a distinct issue on this appeal, as a matter of discretion in the interest of justice, we address that issue. Supreme Court erred in enhancing the sentence by imposing a definite term of imprisonment of one year in lieu of the maximum six-month term plus probation initially promised to defendant upon entry of his guilty plea. In addition, the court erred by denying defendant the youthful offender status initially promised to him. Upon our review of the minutes of the plea proceeding, we conclude that defendant's appearance at sentencing was not made an explicit condition of the court's adherence to the court's initial sentencing commitment. The court therefore should not have enhanced the sentence without affording defendant the opportunity to withdraw his guilty plea (*see id.*; *People v Pham,* 287 AD2d 789, 790 [2001]; *People v Ortiz,* 244 AD2d 960, 961 [1997]). Under the circumstances, and particularly in view of the fact that defendant has completed his sentence, we deem it appropriate to modify the judgment as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]) only to the extent of adjudicating defendant a youthful offender (*see People v Watkins,* 300 AD2d 1074 [2002]; *People v Parker,* 271 AD2d 63, 70-71 [2000], *lv denied* 95 NY2d 967 [2000]; *People v Kevin C.,* 265 AD2d 828, 828-829 [1999]; *cf. People v Michael S.,* 273 AD2d 804, 805 [2000]). Present— Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Kehoe, JJ.