■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL B. DRIGGS, Appellant. [804 NYS2d 703]—Mercure, J. Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered March 15, 2004, convicting defendant upon his plea of guilty of the crimes of vehicular manslaughter in the second degree and driving while intoxicated and the traffic infraction of unsafe lane change.

---

In satisfaction of a six-count indictment arising out of a fatal automobile accident, defendant pleaded guilty to vehicular manslaughter in the second degree, driving while intoxicated and the traffic infraction of unsafe lane change. After having been denied youthful offender status, defendant was sentenced pursuant to a negotiated plea agreement to a term of imprisonment of 1½ to 4½ years. Defendant now appeals, asserting that County Court inappropriately refused to adjudicate him a youthful offender.* We disagree.

We begin by acknowledging that the determination to grant youthful offender treatment rests within the discretion of the sentencing court and will not be disturbed absent a clear abuse of discretion (see People v McGinnis, 8 AD3d 756, 757 [2004]; People v Ferguson, 285 AD2d 901, 901 [2001], lv denied 96 NY2d 939 [2001]). Inasmuch as County Court prudently considered the gravity of the offense, defendant's perceived lack of remorse and the negative recommendation of the Probation Department as set forth in the presentence report, we discern no abuse of discretion warranting our intervention (see People v Knowles, 12 AD3d 939, 941 [2004]; People v Roy, 245 AD2d 878, 878 [1997]; People v Bonilla, 237 AD2d 672, 673 [1997]).

Cardona, P.J., Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.

---

* It is noted that, although defendant waived his right to appeal as part of the plea agreement, the issue concerning the denial of youthful offender status was specifically excluded from such waiver and, therefore, this matter is properly before us.