■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY VV., Appellant. [931 NYS2d 760]—

Kavanagh, J.

After defendant pleaded guilty to possessing an obscene sexual performance by a child, County Court denied his request for youthful offender treatment and sentenced him to six months in jail and 10 years of probation. Defendant now appeals, claiming that County Court erred in not adjudicating him a youthful offender.

The decision to grant or deny youthful offender status is left to the sound discretion of the sentencing court (*see People v Clark*, 84 AD3d 1647, 1647 [2011]; *People v Driggs*, 24 AD3d 888, 889 [2005]). The purpose sought to be served by conferring youthful offender treatment is to avoid " '[stigmatiz]ing youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals' " (*People v Cruickshank*, 105 AD2d 325, 333 [1985], *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625 [1986], quoting *People v Drayton*, 39 NY2d 580, 584 [1976]; *see People v Lyman HH.*, 215 AD2d 847, 848 [1995]). The factors to be considered in determining whether such an adjudication should be rendered are "the gravity of the crime and manner in which it was committed, mitigating circumstances, [the] defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, [the] defendant's reputation, the level of cooperation with authorities, [the] defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (*People v Cruickshank*, 105 AD2d at 334; *see People v Andrea FF.*, 174 AD2d 865, 867 [1991]).

Here, in denying youthful offender status, County Court was understandably concerned about the nature of defendant's offense—the possession of sexually explicit material involving underage individuals. However, we note that when sentence was

imposed, defendant was 18 years of age, had no prior contact with law enforcement, and had been deemed by a psychologist not to pose a threat to the community and unlikely to commit the same or a similar offense in the future. This psychological evaluation, based on a detailed examination of defendant performed prior to sentencing, revealed that he was sexually interested in males of his own age and had a normal understanding of appropriate sexual behavior. It also noted that defendant was participating in counseling and could become a productive member of society if he continued counseling and received vocational training. Given this background and defendant's willingness to accept full responsibility for his conduct, we choose to exercise our discretion (*see People v Lyman HH.*, 215 AD2d at 848; *People v Andrea FF.*, 174 AD2d at 867; *People v Cruickshank*, 105 AD2d at 337) by vacating the conviction and adjudicating defendant a youthful offender.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, conviction vacated, defendant is declared to be a youthful offender, and matter remitted to the County Court of Columbia County for resentencing.