# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

759

KA 10-00553

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

AMIR W., DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered January 15, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by adjudicating defendant a youthful offender and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We agree with defendant that the waiver of the right to appeal is invalid because "the minimal inquiry made by County Court was insufficient to establish that the court engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (*People v Box*, 96 AD3d 1570, 1571, *lv denied* 19 NY3d 1024 [internal quotation marks omitted]; *see People v Hamilton*, 49 AD3d 1163, 1164; *People v Brown*, 296 AD2d 860, 860, *lv denied* 98 NY2d 767).

We further agree with defendant that he should have been afforded youthful offender status. "The youthful offender provisions of the Criminal Procedure Law emanate from a legislative desire not to stigmatize youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals" (*People v Drayton*, 39 NY2d 580, 584; *see generally* CPL 720.20). The factors to be considered in determining an application for youthful offender treatment include "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence

reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (*People v Cruickshank*, 105 AD2d 325, 334, *affd sub nom. People v Dawn Maria C.*, 67 NY2d 625; *see People v Shrubsall*, 167 AD2d 929, 930).

A defendant between the ages of 16 and 19 who, like defendant herein, "has been convicted of an armed felony offense . . . is an eligible youth if the court determines that . . . [there are] mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]), and we conclude that such is the case here. The record reflects that defendant was the victim of a brutal attack by multiple perpetrators the day prior to the armed felony offense at issue herein. When defendant was arrested by the police on the day of that offense, he told them that a group of people had assaulted him with wooden boards. The police report states that defendant had a "large contusion" and "board mark" on the left side of his head as well as scrapes and bruises on his hands and arms. Additionally, when defendant was subsequently examined at the jail, he was noted to have mild head trauma and a small hematoma on his scalp. Defendant told the police that he had fired a single shot into the porch of his attackers' house "to send a message to them to stop messing with him as he was a serious threat if need be." According to defendant, he knew that his attackers would not be home and, indeed, the record reflects that the residence was unoccupied at the time of the shooting.

Defendant was 16 years old at the time of the offense and had no prior criminal record. After his arrest, defendant cooperated with the police and provided a written statement in which he admitted his guilt and expressed remorse for his conduct. Both the presentence report (PSR) and a memorandum from the Center for Community Alternatives (CCA) detail defendant's upbringing, which included abuse at the hands of his mother's boyfriends and his maternal grandfather. Defendant's father was in and out of prison for most of defendant's childhood, including serving an eight-year term of incarceration for robbery. The CCA memorandum concludes that, "[w]ith the proper guidance, direction, and services, [defendant] may develop into a healthy, productive member of his community," and both the PSR and the CCA recommend youthful offender treatment (*see Shrubsall*, 167 AD2d at 931). We conclude that despite defendant's difficult upbringing, he has the potential to lead a law-abiding life, and we deem it appropriate to modify the judgment as a matter of discretion in the interest of justice by adjudicating him a youthful offender (*see People v William S.*, 26 AD3d 867, 868; *see also People v Noel*, 106 AD2d 854, 855; *see generally People v Clarence S.*, 5 AD3d 982, 983). In light of our determination, we need not address defendant's remaining contentions.

Entered: June 28, 2013                              Frances E. Cafarell
                                                     Clerk of the Court