*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    103605
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

CLINT R. PETERSON JR.,
                    Appellant.
_____

Calendar Date:  February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Teresa C. Mulliken, Harpersfield, for appellant.

        Richard D. Northrup Jr., District Attorney, Delhi (John L. Hubbard of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered June 28, 2010, upon a verdict convicting defendant of the crimes of promoting a sexual performance by a child and possessing a sexual performance by a child.

        Defendant, then 17 years old, electronically disseminated a sexually explicit image depicting a prepubescent female child to an undercover police officer posing as a 13-year-old girl.  He was thereafter charged with promoting a sexual performance by a child and possessing a sexual performance by a child and, following a jury trial, was convicted on both counts.  County Court declined to grant defendant youthful offender treatment and sentenced him to concurrent terms of six months in jail and a 10-

year term of probation.  Defendant appeals.

Defendant's sole challenge on appeal concerns County Court's denial of youthful offender status.  It is settled that "[t]he decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v McLucas, 58 AD3d 950, 951 [2009]; accord People v Brodhead, 106 AD3d 1337, 1337 [2013], lv denied 22 NY3d 1087 [2014]; see People v Daniels, 106 AD3d 1189, 1190 [2013], lv denied 21 NY3d 1014 [2013]).  Factors to be considered in determining whether to grant youthful offender status include "the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Cruickshank, 105 AD2d 325, 334 [1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]; accord People v Jeffrey VV., 88 AD3d 1159, 1159 [2011]; People v Ferguson, 285 AD2d 901, 901 [2001], lv denied 96 NY2d 939 [2001]).

In making its determination, County Court took into consideration several favorable factors, such as defendant's age at the time of the offense, lack of criminal history, excellent reputation in the community, humanitarian efforts and cooperation with police following his arrest by providing a written statement in which he admitted to possessing and sending the sexually explicit photograph that ultimately led to the charges against him.  However, County Court was justifiably concerned about not only the nature of the crimes for which defendant was convicted — the possession and dissemination of a sexually explicit image involving a prepubescent child — but also the hundreds of additional pornographic images of young girls that were discovered upon a forensic analysis of defendant's computer

following his arrest.[1]  The court appropriately observed that
defendant's possession of the sexually explicit image that formed
the basis of his convictions was not an isolated incident borne
out of "curiosity," and both the preplea and presentencing report
concluded that defendant was being dishonest about the ages of
the children in the photographs that he was viewing and whether
he had saved any of the images that he had received.

In addition, County Court relied upon the negative
recommendation of the Probation Department as set forth in the
presentence report, which noted defendant's lack of remorse and
failure to accept responsibility for his actions.  Also
supportive of the court's denial of youthful offender treatment
is defendant's failure to obtain a court-ordered mental health
evaluation on the basis that, among other claimed reasons, he
"[did] not believe that he need[ed] treatment."  While defendant
strongly argues that his conduct should be viewed merely as
youthful "sexting" rather than criminal conduct, he does not
challenge any of the aforementioned factors or dispute the fact
that he engaged in conduct that constituted the crimes for which
he was convicted.  Under the circumstances presented here, we
find no abuse of County Court's discretion in refusing defendant
youthful offender status, nor do we discern any reason to grant
youthful offender treatment in the interest of justice (see
People v Fernandez, 106 AD3d 1281, 1286 [2013]; People v Clark,
84 AD3d 1647, 1647-1648 [2011]; People v Terpening, 79 AD3d 1367,
1368 [2010], lv denied 16 NY3d 837 [2011]; People v Driggs, 24
AD3d 888, 889 [2005]; compare People v Jeffrey VV., 88 AD3d at

---

[1]  Contrary to defendant's contention, County Court acted
well within its discretion in considering the forensic report for
sentencing purposes.  The report, which was prepared by an
investigator who had completed hundreds of hours of training in
computer forensics and had conducted similar forensic analyses in
over 20 cases, was shown to be reliable and accurate and defense
counsel had the opportunity to review and respond to it (see
People v Hansen, 99 NY2d 339, 345 [2003]; People v Massmann, 13
AD3d 808, 809 [2004]; People v Mason, 299 AD2d 724, 726 [2002],
lv denied 100 NY2d 564 [2003]; People v Baker, 292 AD2d 644, 645
[2002], lv denied 98 NY2d 635 [2002]).

1159-1160).

Lahtinen, Garry and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court