*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 27, 2016                    107375
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                          OPINION AND ORDER

MARQUIS A.,
                         Appellant.
_____

Calendar Date:   September 16, 2016

Before:   Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

                         _____


        Carolyn B. George, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Christopher D.
Horn of counsel), for respondent.

                         _____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered January 9, 2015 in Albany County, upon a verdict
convicting defendant of the crime of robbery in the first degree.

        In March 2014, the victim, a high school senior, advertised
a pair of high-end basketball sneakers for sale on Facebook.
Upon receiving a Facebook message from an account, subsequently
identified as belonging to defendant, expressing an interest in
purchasing the sneakers, the victim agreed to meet the potential
buyer at a McDonald's in the City of Albany.  After the victim
and a friend drove to the agreed-upon location and waited in the
parking lot for almost a half hour, the victim received a
Facebook message from the potential buyer providing a description
of what he was wearing and stating that he had arrived.  As the

victim exited the vehicle, he was approached by defendant, a 16-year-old male. Outside the car, the victim handed defendant the sneakers and permitted him to try them on. According to the victim, defendant then stated, "you're not getting these back," lifted up his shirt, revealed what appeared to be a gun tucked into his waistband and fled with the sneakers.

Upon an indictment charging him with robbery in the first degree, defendant was tried by a jury and convicted as charged. He was sentenced to nine years in prison followed by five years of postrelease supervision. He appeals.

Defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for our review, as he failed to make a particularized motion to dismiss at trial directed at the specific deficiencies in the evidence now challenged (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Brown, 139 AD3d 1178, 1178 [2016]). Nor did his subsequent CPL 330.30 motion to set aside the verdict have the effect of preserving the issue (see People v Morris, 140 AD3d 1472, 1472-1473 [2016]; People v Simmons, 111 AD3d 975, 977 [2013], lv denied 22 NY3d 1203 [2014]). Because defendant also challenges the verdict as against the weight of the evidence, we will evaluate the adequacy of the evidence adduced as to each element of the charged offense as part of that review (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Launder, 132 AD3d 1151, 1151 [2015], lv denied 27 NY3d 1153 [2016]; People v Briggs, 129 AD3d 1201, 1202 [2015], lv denied 26 NY3d 1038 [2015]).

Insofar as is relevant here, "[a] person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or [she] . . . [d]isplays what appears to be a . . . firearm" (Penal Law § 160.15 [4]). Defendant contends that the evidence failed to establish that, during the commission of the theft, he either used force to obtain the sneakers or "display[ed]" a firearm within the meaning of the statute. Forcible stealing occurs when, during the commission of a larceny, the defendant "uses or threatens the immediate use of physical force upon another person for the

purpose of . . . [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1] [emphasis added]; accord People v Gordon, 23 NY3d 643, 649-650 [2014]). To satisfy the display requirement, the object displayed need not in fact be a firearm (see People v Lopez, 73 NY2d 214, 220 [1989]; People v Baskerville, 60 NY2d 374, 380-381 [1983]). Rather, "all that is required is a 'show[ing] that the defendant consciously displayed something that could reasonably be perceived as a firearm, with the intent of forcibly taking property, and that the victim actually perceived the display'" (People v Grayson, 138 AD3d 1250, 1252 [2016], lv denied 27 NY3d 1132 [2016], quoting People v Lopez, 73 NY2d at 220; see People v Baskerville, 60 NY2d at 381; People v Colon, 116 AD3d 1234, 1236 [2014], lv denied 24 NY3d 959 [2014]).

The victim testified that, with the sneakers in hand, defendant stated, "you're not getting these back," lifted up his shirt and revealed a black, "block style" object that appeared to be a gun tucked into his waistband. The victim further explained that, based upon its location and appearance, he "absolutely" believed the object to be a gun. Such testimony sufficiently established that defendant "conspicuously and consciously conveyed the impression that he [possessed] something which, under the circumstances, the victim could reasonably conclude was a firearm" (People v Lopez, 73 NY2d at 222; see People v Toye, 107 AD3d 1149, 1151 [2013], lv denied 22 NY3d 1091 [2014]; People v Boland, 89 AD3d 1144, 1146 [2011], lv denied 18 NY3d 955 [2012]). Furthermore, upon considering defendant's conduct and the surrounding circumstances (see People v Gordon, 23 NY3d at 650-651), the jury could reasonably infer that his actions were intended to ensure his retention of the sneakers rather than solely to effectuate an escape (see id. at 652; People v Parker, 127 AD3d 1425, 1428 [2015]; People v Gordon, 119 AD3d 1284, 1286 [2014], lv denied 24 NY3d 1002 [2014]).

The victim's friend, who remained in the passenger seat of the car throughout the incident, largely corroborated the testimony of the victim. He testified that, after defendant told the victim that he was not going to get the sneakers back, defendant took a few steps back, lifted up his shirt and then ran

away.  Although the friend did not see a gun, he explained that his view of defendant's waist was obstructed by the frame of the vehicle.

Defendant did not testify on his own behalf but, in his statement to police, which was admitted into evidence, he steadfastly denied displaying a gun or anything that looked like a firearm during the incident.  While a different verdict would not have been unreasonable had the jury credited defendant's account, after reviewing the evidence in a neutral light and according appropriate deference to the jury's interpretation thereof and assessment of witness credibility, we cannot say that the conviction was contrary to the weight of the evidence (see People v Colon, 116 AD3d at 1237-1238; People v Toye, 107 AD3d at 1150-1151; People v Boland, 89 AD3d at 1146; People v Thomas, 12 AD3d 935, 936-937 [2004], lv denied 4 NY3d 749 [2004]).

With regard to defendant's decision not to testify, it is settled that "[a] trial court does not have a general obligation to sua sponte ascertain if the defendant's failure to testify was a voluntary and intelligent waiver of his [or her] right" (People v Dolan, 2 AD3d 745, 746 [2003], lv denied 2 NY3d 798 [2004]; accord People v Robles, 115 AD3d 30, 34 [2014], lv denied 22 NY3d 1202 [2014]; see People v Fratta, 83 NY2d 771, 772 [1994]; People v Cosby, 82 AD3d 63, 66 [2011], lv denied 16 NY3d 857 [2011]). Nevertheless, when the defense rested, Supreme Court conducted an inquiry into whether this youthful defendant had been advised of his right to testify and whether he understood that the decision to do so belonged to him alone.  Defense counsel acknowledged that he had discussed the matter with defendant on numerous occasions and defendant confirmed that it was, in fact, his decision not to testify.  Thus, the record unequivocally establishes that defendant knowingly, voluntarily and intelligently waived his right to testify (see People v Robles, 115 AD3d at 35-36; People v Mauricio, 8 AD3d 1089, 1090 [2004], lv denied 3 NY3d 678 [2004]).

At trial, defendant withdrew his request that the jury be charged with robbery in the third degree as a lesser included offense of robbery in the first degree.  Thus, Supreme Court's "failure to submit such offense does not constitute error" (CPL

300.50 [2]; see People v Carralero, 9 AD3d 790, 791 [2004], lv denied 4 NY3d 742 [2004]; People v Douglas, 194 AD2d 408, 409 [1993], lv denied 82 NY2d 717 [1993]). In any event, "there was no reasonable view of the evidence that defendant used any type of force other than the display of what appeared to be a firearm" (People v Young, 119 AD3d 406, 406 [2014] [internal quotation marks and citation omitted], lv denied 24 NY3d 1048 [2014]; see Penal Law §§ 160.05, 160.15 [4]; see generally CPL 300.50 [1]; People v Rivera, 23 NY3d 112, 120 [2014]).

Finally, we address defendant's challenge to the severity of the nine-year prison sentence imposed. In so doing, we are compelled to resolve the apparent confusion on behalf of all parties involved as to defendant's eligibility for youthful offender treatment.

CPL 720.10 codifies the parameters set by the Legislature for youthful offender eligibility. Under that statute, "a defendant is 'eligible' for youthful offender status if he or she was younger than 19 at the time of the crime, unless the crime is one of several serious felonies excluded by the statute" (People v Rudolph, 21 NY3d 497, 500 [2013]). CPL 720.10 (2) provides that youths convicted of an armed felony — as is the case here — are not eligible youths "except as provided in subdivision three" (CPL 720.10 [2] [a] [ii], [iii] [emphasis added]; see CPL 1.20 [41] [b]; Penal Law §§ 70.02, 160.15 [4]). Subdivision (3) of CPL 720.10, in turn, provides:

> "Notwithstanding the provisions of subdivision two, a youth who has been convicted of an armed felony offense . . . is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (emphasis added).

Thus, the Legislature has provided that those defendants convicted of an armed felony are eligible youths under limited certain circumstances.

Here, all counsel before Supreme Court, as well as the Probation Department, misunderstood the relevant sentencing provisions. The presentence investigation report inaccurately stated that, although defendant would have been eligible for youthful offender treatment based upon his age, he was ineligible for such treatment because he had committed an armed felony. At sentencing, trial counsel for defendant acknowledged – but seemingly did not dispute – the presentence report's representation of defendant's youthful offender status. Nor is there any indication in the record that the People were aware that youthful offender treatment was an available option. For its part, Supreme Court sua sponte addressed defendant's potential eligibility to be treated as a youthful offender, stating on the record, "To the extent that anyone perceived youthful offender to be considered it is denied." The court's summary denial, however, was insufficient to satisfy the statutory mandate of CPL 720.10. Where, as here, "a defendant has been convicted of an armed felony . . . pursuant to CPL 720.10 (2) (a) (ii) or (iii), and the only barrier to his or her youthful offender eligibility is that conviction, the court is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)" (People v Middlebrooks, 25 NY3d 516, 527 [2015]; see CPL 720.10 [1]; People v Daniels, 139 AD3d 1256, 1257-1258 [2016]; People v Stewart, 129 AD3d 1700, 1701 [2015]; People v Fields, 133 AD3d 529, 530 [2015], lv denied 26 NY3d 1145 [2016]). Indeed, "[t]he court must make such a determination on the record even where defendant has failed to ask to be treated as a youthful offender" (People v Middlebrooks, 25 NY3d at 527; see People v Daniels, 139 AD3d at 1258).

The grievous error of the Probation Department, the People and defense counsel, while not specifically raised on appeal, cries out for resolution. Since we are vested with the broad, plenary power to modify a sentence in the interest of justice, we can address this injustice and, if warranted, exercise our power to adjudicate defendant a youthful offender (see People v Delgado, 80 NY2d 780, 783 [1992]; People v Thomas R.O., 136 AD3d 1400, 1402 [2016]; People v Jeffrey VV., 88 AD3d 1159, 1160

[2011]; People v Cruickshank, 105 AD2d 325, 334-335 [1985], affd sub nom. People v Dawn Maria C., 67 NY2d 625 [1986]).[1] Thus, we consider first whether defendant is an "eligible youth" for purposes of youthful offender treatment by assessing whether "mitigating circumstances [exist] that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3]). We conclude that such mitigating circumstances are present here.

While there is no question that defendant stands convicted of a serious crime, no physical harm or injury resulted from the incident (cf. People v Garcia, 84 NY2d 336, 342 [1994] [holding that, under Penal Law § 70.25 (2-b), the lack of injury to others constitutes a "mitigating circumstance[] that bear[s] directly upon the manner in which the crime was committed"]; People v Reyes, 221 AD2d 202, 202 [1995] [same]; People v Santiago, 181 AD2d 460, 461 [1992], affd 80 NY2d 916 [1992] [same]). Further, defendant did not brandish or even touch what the victim perceived to be a firearm. Rather, the display of the object — although undisputedly sufficient to render defendant's conduct culpable — was fleeting and unaccompanied by any threatening statements or direct gestures towards the victim or others (compare People v Stewart, 140 AD3d 1654, 1654-1655 [2016], lv denied 28 NY3d 937 [2016] [finding no mitigating circumstances where the defendant pointed what appeared to be a sawed-off shotgun at the victim's head while demanding money]; People v Henry, 76 AD3d 1031, 1031 [2010]; see also People v Flores, 134 AD3d 425, 426 [2015]). Under the unique facts and circumstances of this case, we find the presence of sufficient mitigating factors bearing directly upon the manner in which the crime was committed, thereby rendering defendant an "eligible youth" under CPL 720.10 for purposes of youthful offender treatment.

Our inquiry does not end here, however, as we must exercise our discretion a second time to determine whether defendant, although an eligible youth, should be granted youthful offender treatment (see CPL 720.20 [1]; People v Middlebrooks, 25 NY3d at 527). Factors to be considered in determining whether to afford such treatment to defendant include:

---

[1] We note that, during oral argument, the People specifically requested that this Court assess whether defendant should be given youthful offender status.

> "the gravity of the crime and manner in
> which it was committed, mitigating
> circumstances, defendant's prior criminal
> record, prior acts of violence,
> recommendations in the presentence
> reports, defendant's reputation, the level
> of cooperation with authorities,
> defendant's attitude toward society and
> respect for the law, and the prospects for
> rehabilitation and hope for a future
> constructive life" (People v Cruickshank,
> 105 AD2d at 334; accord People v Thomas
> R.O., 136 AD3d at 1402; People v Peterson,
> 127 AD3d 1333, 1334 [2015], lv denied 25
> NY3d 1206 [2015]).

In undertaking this endeavor, we are mindful that "[t]he purpose of according youthful offender treatment is to avoid 'stigmatizing youths between the ages of 16 and 19 with criminal records triggered by hasty or thoughtless acts which, although crimes, may not have been the serious deeds of hardened criminals'" (People v Cruickshank, 105 AD2d at 333, quoting People v Drayton, 39 NY2d 580, 584 [1976]; accord People v Jeffrey VV., 88 AD3d at 1160).

Defendant was just 16 years old at the time of the present offense and, although he had served a period of juvenile probation, he had no prior criminal record or history of violence (see People v Thomas R.O., 136 AD3d at 1402; People v Amir W., 107 AD3d 1639, 1641 [2013]; People v William S., 26 AD3d 867, 868 [2006]).  We reiterate that the crime, although serious, did not cause physical injury to anyone involved and defendant neither brandished the object nor uttered any direct threats of violence during the incident.  After his arrest, defendant cooperated with police and provided a statement admitting that he had taken the shoes with no intention of returning them to the victim but denying that he had possessed or displayed anything that resembled a gun (see People v Amir W., 107 AD3d at 1641; People v Cruickshank, 105 AD2d at 334).  Mindful of the Probation Department's recommendation that defendant be held accountable for his actions, and weighing all of the appropriate factors, we choose to exercise our discretion to vacate the judgment of conviction and adjudicate defendant a youthful offender (see

People v Thomas R.O., 136 AD3d at 1402; People v Amir W., 107 AD3d at 1641; People v Jeffrey VV., 88 AD3d at 1160; People v Andrea FF., 174 AD2d 865, 867 [1991]; People v Cruickshank, 105 AD2d at 335; see generally CPL 720.20 [3]).

Lastly, we are tasked with determining the appropriate sentence to be imposed. Penal Law § 60.02 (2) provides that, where a youthful offender finding has been substituted for a conviction for a felony, a sentencing court must impose upon the youthful offender "a sentence authorized to be imposed upon a person convicted of a class E felony." The permissible prison sentence for a person convicted of an undesignated class E felony is an indeterminate sentence with a minimum term of one year and a maximum term of four years (see Penal Law § 70.00 [2] [e]; [3] [b]). In view of all of the considerations set forth in our youthful offender analysis, we find it appropriate to sentence defendant to 1 to 3 years in prison.

McCarthy, Garry, Clark and Aarons, JJ., concur.


ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, conviction vacated, and defendant is declared to be a youthful offender and sentenced to 1 to 3 years in prison.


ENTER:

Robert D. Mayberger
Clerk of the Court