People v Macon (2019 NY Slip Op 00786)





People v Macon


2019 NY Slip Op 00786


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1399 KA 15-00813

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVON S. MACON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN, SPECIAL ASSISTANT, OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered February 11, 2015. The judgment convicted defendant, upon his plea of guilty, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law
§§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]), defendant contends that County Court abused its discretion in refusing to grant him youthful offender status. Initially, we note that the court did not explicitly address the threshold issue whether defendant was an eligible youth despite his conviction of an armed felony (see CPL 720.10 [2] [a] [ii]; [3]). We conclude, however, that the court implicitly resolved the threshold issue of eligibility in defendant's favor (see People v Stitt, 140 AD3d 1783, 1784 [4th Dept 2016], lv denied 28 NY3d 937 [2016]). Here, even assuming, arguendo, that defendant was eligible for youthful offender status, we conclude that the court did not abuse its discretion in refusing to grant him that status (see People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). In addition, we perceive no basis for exercising our own discretion in the interest of justice to adjudicate defendant a youthful offender (see id. at 1400-1401; cf. People v Amir W., 107 AD3d 1639, 1640-1641 [4th Dept 2013]), or to reduce the sentence (see CPL 470.15 [6] [b]). Contrary to defendant's contention, the agreed-upon sentence is not
unduly harsh or severe.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court