People v Colon (2019 NY Slip Op 04498)





People v Colon


2019 NY Slip Op 04498


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

109015

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JERRE COLON, Appellant.

Calendar Date: April 23, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


David E. Woodin, Catskill, for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered July 27, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.
Defendant was indicted and charged with robbery in the first degree and robbery in the second degree. The charges stemmed from an incident that occurred in late December 2015 wherein defendant, then 17 years old, while acting in concert with another and displaying what appeared to be a shotgun, forcibly stole property from a taxicab driver. Defendant agreed to plead guilty to the reduced charge of attempted robbery in the first degree with the understanding that he would be sentenced to no more than 10 years in prison followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal.
During the plea colloquy, Supreme Court indicated that it was not inclined to accord defendant youthful offender treatment but acknowledged that it would be required to review this issue at sentencing. Defendant thereafter pleaded guilty to the reduced charge of attempted robbery in the first degree. At sentencing, after stating that youthful offender treatment was "absolutely inappropriate," Supreme Court sentenced defendant to 10 years in prison followed by five years of postrelease supervision. This appeal ensued.
Although Supreme Court ultimately denied defendant youthful offender treatment under CPL 720.20, defendant argues that the court did not — in the first instance — determine whether he was an eligible youth consistent with the procedures set forth in CPL 720.10. Defendant was "entitled to an express determination of whether, notwithstanding his conviction of an armed felony, he [was] still eligible for youthful offender treatment based on the factors set forth in CPL 720.10 (3)" (People v Fields, 133 AD3d 529, 530 [2015], lv denied 26 NY3d 1145 [2016]; see People v Middlebrooks, 25 NY3d 516, 525, 527 [2015]). Because the record does [*2]not establish that Supreme Court made such an express determination, we must vacate defendant's sentence.
As pertinent here, a "youth" is "a person charged with a crime alleged to have been committed when he [or she] was at least [16] years old and less than [19] years old" (CPL 720.10 [1]), and an "eligible youth" is "a youth who is eligible to be found a youthful offender" (CPL 720.10 [2]). "Every youth is so eligible unless," insofar as is relevant here, the conviction at issue is for "an armed felony as defined in [CPL 1.20 (41)]" (CPL 720.10 [2] [a] [ii])[FN1]. Even then, however, a conviction for an armed felony does not automatically preclude a finding that a particular offender is an eligible youth (see CPL 720.10 [2] [a]; [3]). Rather, CPL 720.10 (3) provides, in relevant part, that "[n]otwithstanding the provisions of [CPL 720.10 (2)], a youth who has been convicted of an armed felony offense . . . is an eligible youth if the court determines that one or more of the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution."
In interpreting the sentencing court's obligations under CPL 720.10, the Court of Appeals has held that, "when a defendant has been convicted of an armed felony . . ., and the only barrier to his or her youthful offender eligibility is that conviction, the court is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3). The court must make such a determination on the record 'even where the defendant has failed to ask to be treated as a youthful offender, or has purported to waive his or her right to make such a request' pursuant to a plea bargain" (People v Middlebrooks, 25 NY3d at 527 [brackets omitted], quoting People v Rudolph, 21 NY3d 497, 499 [2013]; see People v Martz, 158 AD3d 991, 992 [2018]; People v Marquis A., 145 AD3d 61, 67-68 [2016]; People v Jahquel L., 112 AD3d 1155, 1156 n [2013]). If the court determines that the offender is not an eligible youth, the inquiry is at an end; however, "if the court determines that the defendant is an eligible youth based on the presence of one or more of the CPL 720.10 (3) factors, . . . [t]he court [then] must exercise its discretion a second time to determine whether the eligible youth should be granted youthful offender treatment pursuant to CPL 720.20 (1)" (People v Middlebrooks, 25 NY3d at 527).
The record before us does not conclusively establish that Supreme Court reached a determination, as required by CPL 720.10, regarding defendant's eligibility for youthful offender treatment in the first instance. The court made no mention of the factors set forth in CPL 720.10 (3) and, instead of first determining defendant's eligibility for youthful offender treatment pursuant to that statute, appears to have moved to the second step and determined that youthful offender treatment was inappropriate under CPL 720.20. In this regard, it is impossible to discern from the record whether such finding was intended as an expression of defendant's ineligibility under CPL 720.10 (3) or, rather, was based upon a determination that, although defendant was an eligible youth, the underlying circumstances did not warrant granting defendant youthful offender treatment pursuant to CPL 720.20 (see generally People v Marquis A., 145 AD3d at 69 [factors to be considered in determining whether to accord youthful offender treatment]; People v Cruickshank, 105 AD2d 325, 334 [1985], affd sub nom. People v Dawn Marie C. 67 NY2d 625 [1986] [same]). Contrary to the People's assertion, Supreme Court's statutory obligation under CPL 720.10 (3) was not obviated by defense counsel's failure to expressly argue the existence of certain mitigating factors (see e.g. People v Middlebrooks, 25 NY3d at 527). As the record does not contain enough information for this Court to reach a determination on the CPL 720.10 (3) factors (compare People v Marquis A., 145 AD3d at 69-70), defendant's sentence is vacated, and this matter is remitted for a determination as to whether defendant is an eligible youth within the meaning of CPL 720.10 (see People v Middlebrooks, 25 [*3]NY3d at 527-528; People v Martz, 158 AD3d at 992-993; People v Daniels, 139 AD3d 1256, 1257-1258 [2016], lv denied 28 NY3d 1183 [2017]). In light of this conclusion, we need not address defendant's challenge to the validity of his waiver of the right to appeal (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Martz, 158 AD3d at 992; People v Daniels, 139 AD3d at 1258), and his alternative argument is academic.
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Attempted robbery in the first degree (see Penal Law §§ 110.00, 160.15 [4]) is an armed felony within the meaning of CPL 1.20 (41) (b) (see Penal Law § 70.02 [1] [a], [b]; People v Stokes, 28 AD3d 592, 592 [2006]).