People v Vanderhorst (2025 NY Slip Op 01012)

People v Vanderhorst

2025 NY Slip Op 01012

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

105461B
[*1]The People of the State of New York, Respondent,
v
Jah-Lah Vanderhorst, Appellant.

Calendar Date:January 8, 2025

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Dan Lamont, J.), rendered August 8, 2012 in Albany County, upon a verdict convicting defendant of the crime of manslaughter in the first degree.
Following a jury trial in 2012, defendant was acquitted of murder in the second degree, but convicted of manslaughter in the first degree, as a result of the stabbing death of the victim during a knife fight. Supreme Court sentenced defendant to the maximum sentence allowable, a 25-year prison term, to be followed by five years of postrelease supervision. On direct appeal, defendant, who was 16 years old at the time of the crime, did not argue that his sentence should be vacated because Supreme Court failed to determine whether he was a youthful offender under CPL 720.20, or that remittal was required for such purpose. Defendant's conviction and sentence were upheld by this Court (117 AD3d 1197 [3d Dept 2014], lv denied 24 NY3d 1089 [2014]). In 2022, defendant moved for a writ of error coram nobis to vacate the decision and order of this Court to permit him to argue that Supreme Court erred by failing to determine whether he should be afforded youthful offender status in connection with his conviction. This Court granted the motion and vacated the judgment of conviction.
The decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion to determine "if in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record" (People v Moon, 176 AD3d 1265, 1265 [3d Dept 2019] [internal quotation marks and citation omitted], lv denied 34 NY3d 1080 [2019]; see CPL 720.20 [1] [a]).[FN1] "Among the factors to be considered are the gravity of the crime and manner in which it was committed, mitigating circumstances, the defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, the defendant's reputation, the level of cooperation with authorities, the defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Wilson, 165 AD3d 1323, 1324 [3d Dept 2018] [internal quotation marks, brackets and citations omitted]; accord People v Peterson, 127 AD3d 1333, 1334 [3d Dept 2015], lv denied 25 NY3d 1206 [2015]). Defendant argues, the People concede, and we agree that defendant is an eligible youth; thus, Supreme Court erred in failing to determine defendant's eligibility for youthful offender status in the first instance (see CPL 720.20 [1]; People v Pacherille, 25 NY3d 1021, 1023 [2015]).
Although this Court has the authority to determine whether defendant is entitled to youthful offender status (see People v Jones, 182 AD3d 698, 700 [3d Dept 2020]; People v Marquis A., 145 AD3d 61, 68 [3d Dept 2016]), we decline the People's invitation to do so here in the complete absence of any consideration by the sentencing court as to whether [*2]defendant should be adjudicated a youthful offender (see People v Simon, 205 AD3d 1209, 1210 [3d Dept 2022]; People v Jones, 182 AD3d at 700-701). Accordingly, we remit the matter to Supreme Court for the explicit purpose of providing an opportunity to the parties to fully advocate for and against whether youthful offender status for defendant is warranted (see People v Jones, 219 AD3d 1610, 1613 [3d Dept 2023]; People v Simon, 205 AD3d at 1210; People v Robertucci, 172 AD3d 1782, 1783 [3d Dept 2019]).
Clark, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed upon defendant's conviction of manslaughter in the first degree; and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: An eligible youth is an individual between the age of 16 and 19 at the time of the commission of the crime, who has been convicted of a crime other than a class A-I or class A-II felony and has not been previously convicted and sentenced for a felony or adjudicated a youthful offender (see CPL 720.10 [2]).