Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered April 7, 2009, convicting defendant, after a jury trial, of attempted murder in the second degree (three counts), assault in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the second degree (two counts), reckless endangerment in the first degree and bribery in the second degree, and sentencing him to an aggregate term of 25 years, unanimously affirmed.
Defendant did not preserve his claim that the court should have given an adverse inference charge regarding the loss of a police-made surveillance videotape. As an alternative holding, we find that although such an instruction would have been appropriate, its absence was harmless (see People v Crimmins, 36 NY2d 230 [1975]). For related reasons, we also find that trial counsel’s failure to request the instruction did not deprive defendant of effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The jury was fully aware of the loss of the tape and its surrounding circumstances. Furthermore, the court permitted defense counsel to assert in summation that the missing tape would have actually supported defendant’s claim of self defense, by showing the “aggressors” attacking the “terrified” defendant, who was “defending himself’ and trying to get away. The court also permitted counsel to insinuate that the tape was deliberately suppressed because of its exculpatory value, rather than being negligently lost.
However, there was overwhelming evidence that directly refuted defendant’s self-defense claim, including, among other things, another videotape. In addition, there was extensive evidence of conduct by defendant that was inconsistent with that of a person who had acted in self-defense, including interstate flight, an attempt to destroy evidence, a false initial statement to the police, and a bribe offer. For these reasons, we find there is no reasonable possibility that an adverse inference charge would have resulted in a different verdict.
As for defendant’s ineffective assistance claim, the present unexpanded record is insufficient to determine whether *432 counsel’s failure to request an adverse inference charge fell below an objective standard of reasonableness. Counsel may have had strategic reasons for that course of action, including a concern that the language of such an instruction might undermine her summation argument. In any event, regardless of whether counsel should have requested the instruction, we find, for the reasons already stated, no reasonable possibility that the lack of an adverse inference charge deprived defendant of a fair trial or affected the outcome (see Strickland, 466 US at 694).
We perceive no basis for reducing the sentence.
Concur— Friedman, J.E, Sweeny, Renwick, Richter and Román, JJ.