# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

685

KA 09-02473

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

               V                      MEMORANDUM AND ORDER

TYRONE C. BRADLEY, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 3, 2009. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in denying his motion to suppress the firearm that he was charged with possessing. Specifically, defendant contends that the police unlawfully stopped him while he was walking his miniaturized motorbike on the sidewalk, and that the firearm must be suppressed as a result of that unlawful stop. We reject that contention. At the suppression hearing, a police officer testified that he stopped defendant because defendant was riding the motorbike in the road without a helmet. When the officer asked defendant whether he had any identification, defendant answered, "no," and took a step back, whereupon the officer reached toward defendant in an attempt to frisk him. Before the officer could detain him, however, defendant ran away and, during his flight, punched another officer who had joined in the pursuit. Defendant was soon apprehended and found to be in possession of a loaded firearm, 20 bags of marihuana, and more than $2,000 in cash.

During a break in the suppression hearing, defendant learned that the police had inadvertently sold his motorbike at auction. The sale took place approximately four months after defendant's arrest and two months before the suppression hearing. When the suppression hearing resumed, defendant's uncle testified that the motorbike was inoperable on the day of defendant's arrest, thereby calling into question the

officer's hearing testimony that defendant had been riding the motorbike without a helmet.  In rebuttal, the People called another police officer as a witness, who testified that she saw defendant riding the same motorbike in the road 5 to 10 minutes before he was stopped and that, after defendant was taken into custody, she started the motorbike and "revved the engine."  The court then permitted defendant to take the stand as the final witness.  Defendant testified that the motorbike would not start on the day in question and that he was pushing it on the sidewalk to his house from his uncle's house, where it had been stored since it had broken down.  The court denied defendant's suppression motion, stating that its decision was based on the testimony that it found to be credible.

In support of his contention that the stop was unlawful, defendant contends that the court should have drawn a permissive adverse inference against the People due to the failure of the police to preserve the motorbike.  At the suppression hearing, however, defendant did not request a permissive adverse inference; instead, defendant asked the court to preclude any testimony at the hearing about the motorbike and to strike any such testimony that had already been given.  In the alternative, defendant asked the court to assume that the condition of the motorbike was as defendant alleged, i.e., inoperable.  Thus, defendant's contention that the court should have drawn a permissive adverse inference is unpreserved for our review (*see* CPL 470.05 [2]).

In any event, even assuming, arguendo, that defendant requested the court to draw an adverse inference, and that the court erred in failing to do so (*see People v Handy*, 20 NY3d 663, 669-670), we conclude that such error is harmless (*see People v Blake*, 105 AD3d 431, 431).  We note that, in his motion papers, defendant's attorney stated that a suppression hearing was warranted because defendant, when detained by the police, was "sitting on the front lawn of a home on Reynolds Street" with several of his friends.  Although defense counsel knew at the time that the police had claimed to have stopped defendant for riding the motorbike without a helmet, he did not assert that the motorbike was inoperable or that defendant was walking it on the sidewalk when approached by the police.  It was only after defendant learned that the motorbike had been sold at auction that defendant asserted that the motorbike was inoperable.  Under those circumstances, and considering that the court evidently credited the testimony of the police officers (*see generally People v Prochilo*, 41 NY2d 759, 761), we conclude that there is no reasonable possibility that the court would have found the stop to have been unlawful even if it had drawn a permissive adverse inference against the People (*see generally People v Crimmins*, 36 NY2d 230, 237).

We have reviewed defendant's remaining contentions and conclude that they lack merit.


Entered:  July 5, 2013                        Frances E. Cafarell
                                              Clerk of the Court