# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1065

KA 12-00433

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

CHRISTIAN J. FORD, DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered May 6, 2011. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that County Court abused its discretion in denying his request for youthful offender status. We reject that contention. Although defendant acted merely as a driver for his codefendants, one of whom attacked the victim with a baseball bat and fractured the victim's wrist, he admitted during the plea colloquy to having advanced knowledge of his codefendants' intent to rob the victim. Despite that admission, during his presentence investigation defendant asserted that he was "suffering the consequences of a crime he had no part in." We note, in addition, that defendant's guilty plea also covered an indictment charging him with a similar, unrelated crime that he allegedly committed the next day. For those reasons, the probation officer who compiled the presentence report determined that defendant failed to accept responsibility for the crime herein and concluded that defendant's prognosis for lawful behavior is poor. In light of the above, we conclude that the relevant factors support the court's determination denying defendant's request for youthful offender status (see People v Gibson, 89 AD3d 1514, 1516, lv denied 18 NY3d 924; see generally People v Amir W., 107 AD3d 1639, 1640).

To the extent that defendant contends that the court erred in failing to address on the record the factors it considered in making its determination, we note that, although CPL 720.20 requires the court to determine on the record whether an eligible youth is a

youthful offender (*see People v Rudolph*, 21 NY3d 497, 499), the statute does not require the court to state on the record the reasons underlying its determination.

Entered:  November 18, 2016                        Frances E. Cafarell
                                                   Clerk of the Court