Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered August 14, 2015. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree (two counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the *1745 second degree (Penal Law § 160.10 [2] [a]). We reject defendant’s contention that the waiver of the right to appeal is invalid. Contrary to defendant’s contention, Supreme Court “did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea” (People v Bentley, 63 AD3d 1624, 1625 [2009], lv denied 13 NY3d 742 [2009]; see People v Bradshaw, 18 NY3d 257, 264 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). Moreover, the court engaged defendant “in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice” (People v Burt, 101 AD3d 1729, 1730 [2012], lv denied 20 NY3d 1060 [2013] [internal quotation marks omitted]). Defendant’s valid waiver of the right to appeal, which specifically included a waiver of the right to challenge the severity of the sentence, encompasses his contention that the sentence imposed is unduly harsh and severe (see Lopez, 6 NY3d at 255-256; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Inasmuch as “no mention of youthful offender status was made on the record before defendant waived his right to appeal, . . . defendant’s valid waiver does not encompass his challenge to the court’s denial of youthful offender status” (People v Weathington [appeal No. 2], 141 AD3d 1173, 1174 [2016]; see People v Matsulavage, 121 AD3d 1581, 1581 [2014], lv denied 24 NY3d 1045 [2014]). We nonetheless conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status (see People v Ford, 144 AD3d 1682, 1683 [2016], lv denied 28 NY3d 1184 [2017]), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see Matsulavage, 121 AD3d at 1581).
Present — Peradotto, J.P., Carni, Lindley, Trout-man and Scudder, JJ.