People v Gotham (2018 NY Slip Op 00987)





People v Gotham


2018 NY Slip Op 00987


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


144 KA 17-00061

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE M. GOTHAM, DEFENDANT-APPELLANT. 






CHARLES A. MARANGOLA, MORAVIA, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered November 10, 2016. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree, robbery in the second degree, kidnapping in the second degree, burglary in the second degree (two counts) and attempted burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty to a superior court information (SCI) of, inter alia, robbery in the second degree (Penal Law § 160.10 [1]) and attempted burglary in the second degree (§§ 110.00, 140.25 [2]).
Defendant contends that the SCI was deficient because the factual allegations of count two do not support the crime set forth in that count, i.e., robbery in the second degree as a violation of Penal Law § 160.10 (2). Contrary to the assertion of the People, defendant's contention survives his guilty plea (see People v Tun Aung, 117 AD3d 1492, 1493 [4th Dept 2014]). We conclude, however, that the contention is without merit. The record establishes that the discrepancy between the factual allegations of count two and the crime charged therein is the result "solely [of] a typographical error" inasmuch as the facts alleged in count two of the SCI make it clear that the crime intended to be charged is robbery in the second degree as a violation of Penal Law § 160.10 (1), and we conclude that the typographical error does not render the SCI jurisdictionally defective (People v Jackson, 128 AD3d 1279, 1279-1280 [3d Dept 2015], lv denied 26 NY3d 930 [2015]). We note that the certificate of conviction contains the same typographical error. It incorrectly recites that defendant was convicted of robbery in the second degree under Penal Law § 160.10 (2), and it must therefore be amended to reflect that he was convicted of that crime under Penal Law § 160.10 (1) (see People v Saxton, 32 AD3d 1286, 1286-1287 [4th Dept 2006]).
Defendant further contends that count six fails to set forth his conduct that constituted the crime of attempted burglary in the second degree in violation of Penal Law §§ 110.00 and 140.25 (2). That contention, however, "is related to the sufficiency of the factual allegations, as opposed to a failure to allege the material elements of the crime," and thus it does not survive defendant's guilty plea (People v Price, 234 AD2d 978, 978-979 [4th Dept 1996], lv denied 90 NY2d 862 [1997]).
We conclude that County Court did not abuse its discretion in denying defendant's request for youthful offender status (see People v Johnson, 109 AD3d 1191, 1191-1192 [4th Dept 2013], lv denied 22 NY3d 997 [2013]), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (see generally People v Mills, 151 AD3d 1744, 1745 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]). Finally, the sentence is not unduly harsh or severe.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court