People v Flinn (2018 NY Slip Op 04921)





People v Flinn


2018 NY Slip Op 04921


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


847 KA 17-01340

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DIANA M. FLINN, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered June 5, 2017. The judgment convicted defendant, upon her plea of guilty, of vehicular assault in the first degree, aggravated unlicensed operation of a motor vehicle in the first degree and misdemeanor driving while intoxicated. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of, inter alia, vehicular assault in the first degree (Penal Law § 120.04 [4]). We reject defendant's contention that her waiver of the right to appeal is invalid. Contrary to defendant's contention, Supreme Court " did not improperly conflate the waiver of the right to appeal with those rights automatically forfeited by a guilty plea' " (People v Mills, 151 AD3d 1744, 1745 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]), and "the court engaged defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice" (id. [internal quotation marks omitted]). Defendant's valid waiver of the right to appeal encompasses her contention that the sentence imposed is unduly harsh and severe (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court