People v McCall (2019 NY Slip Op 08322)





People v Mccall


2019 NY Slip Op 08322


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1082 KA 17-01354

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEMAR M. MCCALL, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, DAVISON LAW OFFICE PLLC (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT.


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered April 21, 2017. The judgment convicted defendant upon a jury verdict of robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). Defendant contends that the verdict is against the weight of the evidence because the People's key witness on the issue of identity was not credible. We reject that contention. Even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that "the jury was in the best position to assess the credibility of the witness[ ] and, on this record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (People v Orta, 12 AD3d 1147, 1147 [4th Dept 2004], lv denied 4 NY3d 801 [2005]; see People v Elmore, 175 AD3d 1003, 1005 [4th Dept 2019]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Inasmuch as he did not request an adverse inference instruction at trial, defendant failed to preserve for our review his related contention that, in performing our weight of the evidence review, we should draw an adverse inference against the People based upon their alleged failure to call certain witnesses (see generally People v Bradley, 108 AD3d 1101, 1102 [4th Dept 2013], lv denied 22 NY3d 1039 [2013]).
Defendant next contends that County Court failed to satisfy its obligation to determine whether he was eligible for youthful offender treatment (see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]; People v Rudolph, 21 NY3d 497, 499-501 [2013]). We reject that contention. "[A] court in an armed felony case can satisfy its obligation under Middlebrooks by declining to adjudicate the defendant a youthful offender after consideration on the record of factors pertinent to a determination whether an eligible youth should be adjudicated a youthful offender" (People v Stitt, 140 AD3d 1783, 1784 [4th Dept 2016], lv denied 28 NY3d 937 [2016]; see People v Rice, 175 AD3d 1826, 1826 [4th Dept 2019]). In this case, the court "implicitly resolved the threshold issue of eligibility in defendant's favor" (People v Macon, 169 AD3d 1439, 1440 [4th Dept 2019], lv denied 33 NY3d 978 [2019]; see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]).
Contrary to the further contention of defendant, even assuming, arguendo, that defendant was eligible for youthful offender status, we conclude that the court did not abuse its discretion in refusing to grant him that status (see Rice, 175 AD3d at 1826; Macon, 169 AD3d at 1440), particularly in light of the seriousness of the offense and defendant's failure to accept any [*2]responsibility (see People v Ford, 144 AD3d 1682, 1683 [4th Dept 2016], lv denied 28 NY3d 1184 [2017]). In addition, we perceive no basis for exercising our own discretion in the interest of justice to adjudicate defendant a youthful offender (cf. Keith B.J., 158 AD3d at 1160-1161; People v Thomas R.O., 136 AD3d 1400, 1402-1403 [4th Dept 2016]).
Finally, the sentence is not unduly harsh or severe.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court