*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    106198
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

DAVID TAYLOR,
                    Appellant.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____

        James P. Milstein, Public Defender, Albany (Theresa M.
Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Christopher D.
Horn of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
entered August 13, 2013 in Albany County, convicting defendant
upon his plea of guilty of the crime of robbery in the second
degree.

        Pursuant to a negotiated agreement, defendant entered a
guilty plea to robbery in the second degree as charged in an
indictment and waived his right to appeal.  The charge, which
defendant factually admitted, stemmed from his conduct in
forcibly stealing property from a hotel employee on February 12,
2013 aided by another, unnamed person.  At sentencing, defendant
made a pro se motion to withdraw his guilty plea claiming
ineffective assistance of counsel, which Supreme Court denied.

In accordance with the plea agreement, defendant was sentenced, as an admitted second felony offender, to a prison term of 10 years with five years of postrelease supervision, and he now appeals.

We affirm. The record reveals that defendant made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, ___, 2015 NY Slip Op 08615, *3 [2015] [internal quotation marks and citation omitted]; see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Supreme Court explained the trial-related rights that defendant was relinquishing by his plea as well as the consequences of the plea; defendant's responses to the court's questions during the plea allocution established that he accepted the plea terms and had sufficient time to discuss them with counsel, he had no questions and was pleading guilty because he was, in fact, guilty. His claim that he was pressured into pleading guilty and wanted more time is belied by his assurances during the plea colloquy that he had sufficient time to confer with counsel and had not been threatened or coerced into accepting the plea, and "amounts to the type of situational coercion faced by many defendants offered a plea deal [that] does not undermine the voluntariness of [his] guilty plea" (People v Colon, 122 AD3d 956, 957 [2014] [internal quotation marks and citations omitted]).

With respect to defendant's contention that Supreme Court erred in denying the motion to withdraw his guilty plea, we discern no abuse of discretion, as his claims of ineffective assistance of counsel are not supported by the record on appeal and he made no "showing of innocence, fraud or mistake in the inducement" (People v Ramey, 123 AD3d 1290, 1291 [2014], lv denied 25 NY3d 953 [2015] [internal quotation marks and citations omitted]; see CPL 220.60). To the extent that defendant claims that counsel failed to investigate his defenses or to meet with him, these allegations "concern matters outside of the record and are properly the subject of a CPL article 440 motion" (People v Trimm, 129 AD3d 1215, 1216 [2015]). Finally, defendant's challenge to the agreed-upon sentence as harsh and excessive is precluded by his valid waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Toback, 125 AD3d 1060, 1061

[2015], <u>lv denied</u> 25 NY3d 993 [2015]).  Defendant's remaining claims also lack merit.

Peters, P.J., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court