*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    107082
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JAYVON DANIELS,
                    Appellant.
_____

Calendar Date:   April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

_____

        James E. Long, Public Defender, Albany (Theresa M. Suozzi of counsel), for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Aarons, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.), rendered September 9, 2014 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.

        Following a high speed police chase of a vehicle in which defendant was a passenger, defendant threw a loaded firearm off a bridge as he fled from the police.  As a result, an indictment was handed up charging defendant with criminal possession of a weapon in the second degree.  After several plea conferences, defendant pleaded guilty to this charge as part of an agreement that required a waiver of appeal, in exchange for a promised sentence of no more than nine years in prison followed by five

years of postrelease supervision.  In accordance with the plea agreement, defendant was sentenced to a prison term of 8½ years with five years of postrelease supervision, and he now appeals.

Initially, while defendant's challenge to the voluntariness of his guilty plea survives his waiver of the right to appeal, the record does not reflect that he preserved this challenge by making an appropriate postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Burritt, 127 AD3d 1433, 1434 [2015]).  Nor does the transcript of the plea allocution reflect that he made any statements that triggered the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 664-665 [1988]; People v Broomfield, 128 AD3d 1271, 1271-1272 [2015], lv denied 26 NY3d 1086 [2015]).  In any event, a review of the plea allocution demonstrates that defendant was adequately informed of the terms of the agreement and the trial-related rights that he was forgoing, and that he understood the consequences of his plea, including that he would receive a prison sentence of no more than nine years.  Contrary to his claims, he expressly indicated that he had sufficient time to discuss the plea as well as the proof against him and possible defenses with counsel, understood what he was doing, was pleading guilty of his own free will and because he was in fact guilty, and unequivocally admitted the charged conduct.  Thus, even if we were to address the issue, we would find that the record establishes that he made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Taylor, 135 AD3d 1237, 1237 [2016]).  To the extent that he raises claims regarding what counsel investigated or discussed with him, they concern matters that are outside the record on appeal and are more properly suited for a CPL article 440 motion (see People v Taylor, 135 AD3d at 1237).

Moreover, the record discloses that defendant's combined oral and written waiver of appeal was valid (see People v Lopez, 6 NY3d 248, 256 [2006]).  Supreme Court explained that it was separate and distinct from the rights forfeited by the guilty plea.  After being advised to sign the written appeal waiver only if he understood and agreed to it and after reviewing it with counsel in court, defendant signed it acknowledging that counsel

had informed him of its consequences (see People v Sawyer, 135 AD3d 1164, 1165 [2016]; People v Ortiz, 127 AD3d 1416, 1416-1417 [2015], lv denied 26 NY3d 1010 [2015]). Accordingly, defendant's challenge to the sentence as harsh and excessive is precluded by his valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Taylor, 135 AD3d at 1237).

However, defendant was a 17-year-old "youth" at the time of this crime (CPL 1.20 [42]; 720.10 [1]) and, notwithstanding the fact that he was convicted of an armed felony (see CPL 1.20 [41]; 720.10 [2] [a] [ii]; [3]), he was entitled to a determination on the record by Supreme Court as to whether he was an "eligible youth" due to the existence or absence of mitigating circumstances or other factors set forth in CPL 720.10 (3) and, if so, whether such treatment should be granted (see People v Middlebrooks, 25 NY3d 516, 525-528 [2015]; see also CPL 720.10 [2]; 720.20 [1]).[1] The sentencing court did not expressly consider this issue on the record and, thus, remittal for this determination is required despite the fact that defendant did not request youthful offender treatment and waived his right to appeal (see People v Pacherille, 25 NY3d 1021, 1023 [2015]; People v Middlebrooks, 25 NY3d at 527-528; People v Rudolph, 21 NY3d 497, 499-501, [2013]; People v Fields, 133 AD3d 529, 530 [2015], lv denied 26 NY3d 1145 [2016]; cf. People v Clark, 135 AD3d 1239, 1240 [2016]).

Lahtinen, J.P., McCarthy, Garry and Rose, JJ., concur.

---

[1] The record does not establish that defendant was previously convicted of a felony or adjudicated a youthful offender following a conviction for a felony or that any other statutory exception applies so as to preclude youthful offender treatment (see CPL 720.10 [2] [b], [c]). Defendant's prior conviction in Troy City Court for which he was adjudicated a youthful offender was based upon a guilty plea to criminal possession of a weapon in the fourth degree, a class A misdemeanor (see Penal Law § 265.01).

ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court