■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE WHITE, Appellant. [59 NYS3d 864]—

Garry, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered May 12, 2015, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

Defendant was indicted and charged with burglary in the first degree, robbery in the first degree, robbery in the second degree and criminal possession of a weapon in the third degree. In satisfaction of the charges, defendant pleaded guilty to robbery in the second degree pursuant to a negotiated plea agreement that contemplated a sentence of 10 years in prison followed by five years of postrelease supervision. County Court advised defendant that he must cooperate with the Probation Department in its preparation of a presentence report and that otherwise the court would not honor the sentencing agreement. At the time of sentencing, County Court found, after a hearing, that defendant had failed to cooperate with the Probation Department during its presentence investigation and, as a result, sentenced defendant to an enhanced prison term of 14 years. Defendant appeals, and we affirm.

Initially, we reject defendant's contention that his guilty plea was not knowingly, voluntarily and intelligently entered. The record reflects that County Court afforded defendant ample opportunity to discuss the plea with counsel, and explained to defendant the trial-related rights that he was foregoing by pleading guilty, as well as the consequences of the plea; defendant accepted the plea terms and freely admitted to the conduct underlying the charge (*see People v Daniels*, 139 AD3d 1256, 1257 [2016], *lv denied* 28 NY3d 1183 [2017]; *People v Taylor*, 135 AD3d 1237, 1237 [2016], *lv denied* 27 NY3d 1075 [2016]). Defendant's claim that his guilty plea was coerced is belied by the record, as the court repeatedly advised defendant that he had the right to a jury trial and did not have to plead guilty, and the court's statements advising defendant of his maximum sentence exposure were not coercive (*see People v Lobaton*, 140 AD3d 1534, 1535 [2016], *lv denied* 28 NY3d 972 [2016]; *People v Lamont*, 125 AD3d 1106, 1106 [2015], *lv denied* 26 NY3d 969 [2015]). Further, defendant assured the court that he had not been threatened or coerced into pleading guilty (*see People v Gasparro*, 139 AD3d 1247, 1248 [2016], *lv denied* 28 NY3d 929 [2016]; *People v Taylor*, 135 AD3d at 1237). In addition, we are not persuaded by defendant's contention that his statements during the plea allocution negated a material element of the crime or otherwise cast doubt upon his guilt.

We also reject defendant's contention that County Court erred in imposing an enhanced sentence, as defendant refused to cooperate during the presentence investigation despite having been expressly advised that his failure to do so could result in an enhanced sentence (*see People v Garrow*, 147 AD3d 1160, 1162 [2017]; *People v Terrell*, 41 AD3d 1044, 1045 [2007]). Finally, in view of the violent nature of the charged conduct, defendant's lengthy criminal history and his lack of remorse, we find no extraordinary circumstances or abuse of discretion warranting a reduction of defendant's sentence, which was less than the statutory maximum (*see* Penal Law §§ 70.06 [3] [c]; 160.10 [1]; *People v Lord*, 128 AD3d 1277, 1279 [2015]; *People v Paneto*, 112 AD3d 1230, 1231 [2013], *lv denied* 23 NY3d 1023 [2014]).

Peters, P.J., Egan Jr., Rose and Mulvey, JJ., concur. Ordered that the judgment is affirmed.