People v Martz (2018 NY Slip Op 01222)





People v Martz


2018 NY Slip Op 01222


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

108584

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOHN K. MARTZ, Appellant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Edward S. Graves, Indian Lake, for appellant.
Marsha K. Purdue, District Attorney, Indian Lake, for respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered June 9, 2016, convicting defendant upon his plea of guilty of the crimes of criminal sexual act in the first degree and sexual abuse in the first degree.
In March 2016, defendant pleaded guilty to the crimes of criminal sexual act in the first degree and sexual abuse in the first degree and waived his right to appeal. Defendant committed the crime of criminal sexual act in the first degree at the age of 15 and committed the crime of sexual abuse in the first degree at the age of 17. Thereafter, at sentencing, defense counsel requested that County Court grant defendant youthful offender status. County Court stated that it did not know whether
defendant was eligible for youthful offender status, but that, "assuming for the sake of discussion," defendant was eligible, it would "deny the application." The court's stated reasoning for the hypothetical denial noted the need for deterrence and the concern that the crimes at issue "may reflect a proclivity." Defendant was sentenced to an aggregate prison term of eight years to be followed by 20 years of postrelease supervision. Defendant appeals.
We agree with defendant that County Court's comments regarding defendant's application for youthful offender status failed to satisfy the statutory mandate of CPL 720.10. An appeal waiver does not foreclose a defendant's challenge that a court failed to make the requisite on-the-record determinations regarding youthful offender treatment (see People v Rudolph, 21 NY3d 497, 501 [2013]; People v Daniels, 139 AD3d 1256, 1258 [2016], lv denied 28 NY3d 1183 [2017]). Pursuant to CPL 720.10 (3), "a youth who has been convicted of . . . criminal sexual act in the first degree . . . is an eligible youth if the court determines that one or more of [*2]the following factors exist: (i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution." Where, as here, the only barrier to youthful offender status is an enumerated sex offense (see CPL 720.10 [2] [a]), "the court is required to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)" (People v Middlebrooks, 25 NY3d 516, 527 [2015]; see People v Daniels, 139 AD3d at 1257; People v Fields, 133 AD3d 529, 530 [2015], lv denied 26 NY3d 1145 [2016]). This determination is mandatory, without regard to whether it has been requested or purportedly waived (see People v Middlebrooks, 25 NY3d at 527).
Initially, County Court's admission that it did not know whether defendant was an eligible youth establishes that it was unaware that CPL 720.10 (3) was the governing provision. There was thus no determination on the record as to whether there was a presence or absence of mitigating circumstances that bore directly on the manner in which the crimes were committed (see CPL 720.10 [3]), nor do we find it appropriate in this matter for this Court to render such determination upon review (compare People v Marquis A., 145 AD3d 61, 68 [2016]). Accordingly, as the court erred in failing to make a determination on the record as to the application of CPL 720.10 (3) (see People v Middlebrooks, 25 NY3d at 527), we must vacate defendant's sentence and remit the matter to County Court (see People v Daniels, 139 AD3d at 1258; People v T.E., 131 AD3d 1067, 1068 [2015]).
Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Hamilton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.