People v Kruppenbacher (2018 NY Slip Op 05365)





People v Kruppenbacher


2018 NY Slip Op 05365


Decided on July 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 19, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
ROSS KRUPPENBACHER JR., Appellant.

Calendar Date: June 5, 2018

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Michael C. Ross, Bloomingburg, for appellant.
Joseph Stanzione, District Attorney, Catskill (Danielle D. McIntosh of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Greene County (Tailleur, J.), rendered July 23, 2013, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.
In satisfaction of a 17-count indictment, defendant pleaded guilty to course of sexual conduct against a child in the first degree and orally waived his right to appeal. The plea agreement provided that defendant's prison sentence would be capped at 17½ years and that he was free to argue at sentencing for a prison sentence as low as five years. Consistent with the agreement, County Court ultimately sentenced defendant to a prison term of 17½ years, to be followed by 10 years of postrelease supervision. Defendant appealed and his counsel filed an Anders brief and moved to be relieved as counsel. This Court rejected the Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (154 AD3d 1059 [2017]). We now affirm.
Initially, we agree with defendant that his oral appeal waiver, which was unaccompanied by a written waiver, is invalid inasmuch as County Court failed to advise him that "the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Treceno, 160 AD3d 1216, 1216 [2018]; People v Darrell, 145 AD3d 1316, 1317 [2016], lv denied 29 NY3d 1125 [2017]). Defendant's challenge to his guilty plea as not knowing, voluntary and intelligent is unpreserved for our review, as the record does not disclose that he made an appropriate postallocution motion (see People v Suits, 158 AD3d 949, 950 [2018]; People v Carter, 158 AD3d 946, 946 [2018]). Moreover, the narrow exception to the preservation requirement is inapplicable as defendant did not make any statements during the plea colloquy or sentencing that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea (see [*2]People v Lopez, 71 NY2d 662, 666 [1988]; People v Jackson, 159 AD3d 1276, 1276 [2018]). In any event, contrary to defendant's contention, the record reflects that he was aware of the nature and terms of the plea agreement, including the sentencing commitment and the rights that he was forfeiting by pleading guilty, and that he had an opportunity to discuss the consequences of the plea with his counsel (see People v Evans, 159 AD3d 1226, 1227 [2018], lv denied ___ NY3d ___ [May 30, 2018]; People v White, 153 AD3d 1044, 1045 [2017], lv denied 30 NY3d 1023 [2017]). Furthermore, the fact that the prosecutor participated in the plea allocution does not render defendant's guilty plea invalid (see People v Singh, 158 AD3d 824, 825 [2018], lv denied ___ NY3d ___ [May 29, 2018]; People v Empey, 141 AD2d 987, 988 [1988]).
Finally, while the invalid appeal waiver does not preclude defendant's challenge to the sentence as harsh and excessive, we find his challenge to be without merit. Despite defendant's minimal criminal history, after reviewing the record and taking into consideration the deplorable nature of defendant's crime against the young victim, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Kennard, 60 AD3d 1096, 1097 [2009], lv denied 12 NY3d 926 [2009]).
Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.