People v Gamble (2019 NY Slip Op 07964)





People v Gamble


2019 NY Slip Op 07964


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

110031

[*1]The People of the State of New York, Respondent,
v
Lamont S. Gamble Jr., Appellant.

Calendar Date: October 15, 2019

Before: Lynch, J.P., Clark, Devine and Pritzker, JJ.


Rebecca L. Fox, Plattsburgh, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



Lynch, J.P.
Appeals (1) from a judgment of the County Court of Clinton County (Lawliss, J.), rendered October 17, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) from a judgment of said court, rendered February 28, 2018 in Clinton County, which resentenced defendant.
In satisfaction of a two-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. In accord with the plea agreement, he was sentenced to four years in prison followed by three years of postrelease supervision. After realizing that the maximum term of postrelease supervision that could be imposed was two years and obtaining the parties' consent to the modification of the sentence, County Court resentenced defendant to four years in prison followed by two years of postrelease supervision. Defendant appeals.
Initially, we find no merit to defendant's challenge to the validity of his appeal waiver. Defendant was advised that the appeal waiver was a condition of the plea agreement and, after he entered his plea, County Court described the consequences of such waiver and defendant indicated that he understood them. Then, in open court and after conferring with counsel, defendant executed a written appeal waiver that specifically explained that the right to appeal was separate and distinct from the other trial-related rights that he was forfeiting. After signing the waiver, defendant told County Court that he understood it and did not have any questions. Under these circumstances, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Boyette, 175 AD3d 751, 752 [2019]; People v Collins, 53 AD3d 932, 933 [2008], lv denied 11 NY3d 831 [2008]). Consequently, his challenge to the severity of the sentence is precluded (see People v Franklin, 164 AD3d 1547, 1548 [2018], lv denied 32 NY3d 1171 [2019]; People v Daniels, 139 AD3d 1256, 1257 [2016], lv denied 28 NY3d 1183 [2017]).
Defendant further contends that his counsel was ineffective because he failed to aggressively advocate for a more favorable sentence — namely, shock incarceration. This claim does not implicate the voluntariness of defendant's guilty plea and is foreclosed thereby (see People v Williams, 145 AD3d 1188, 1191 [2016], lv denied 29 NY3d 1002 [2017]; People v Watkins, 121 AD3d 1425, 1427 [2014], lv denied 24 NY3d 1124 [2015]), as well as by defendant's valid waiver of the right to appeal (see People v Stebbins, 171 AD3d 1395, 1396 [2019], lv denied 33 NY3d 1108 [2019]; People v Gumbs, 169 AD3d 1119, 1120 [2019], lv denied 33 NY3d 1105 [2019]).
Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgments are affirmed.